UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04787-BFM **Date:** September 8, 2026

**Title:** *Efrain Juarez Evangelista v. Fereti Semaia, et al.*

==============================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| | |
|---|---|
| Christianna Howard | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings: (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Efrain Juarez Evangelista filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 21, 2026. (ECF 1 ("Pet.").) The Petition is fully briefed. (ECF 7 ("Answer"); ECF 9 ("Traverse").) For the reasons stated below, the Petition is **granted**.

## I. Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto ICE Processing Center, within the Central District of California. (Pet. ¶ 2.) He entered the United States without inspection in 2007 and has resided continuously in the United States since then. (Pet ¶ 1.) Petitioner has been steadily employed and supports three United States citizen children, two of whom have serious medical conditions. (Pet ¶ 9.)

On January 10, 2026, he was walking to work when ICE agents approached him, asked about his immigration status, and arrested him. (Pet ¶ 2.) They had no warrant and the contemporaneous record reflects no effort to fit his case within the warrant exception found in § 1357. (Pet. ¶¶ 2, 12-13.) Petitioner has been in custody since his arrest. (Pet. ¶ 2.) There was no

consideration of his suitability for bond until July 14, 2026, when he received a *Rodriguez* hearing. (Pet. ¶ 6.)

Petitioner filed this Petition, alleging that his detention without statutory authority and due process violations all compel an order releasing him. (Pet. ¶¶ 35-57, 64-69.) In their Answer, Respondents argue that Petitioner's bond hearing moots his claim, and that any dissatisfaction with the bond hearing must be exhausted to the Board of Immigration Appeals. (Answer 2-4.) Petitioner replies that Respondents' Answer addresses only a claim he explicitly disclaimed—that his Petition was an appeal of the IJ's bond decision. (Traverse at 2-3.)

The Petition is now fully briefed and ready for decision.

## II. Analysis

Petitioner argues that his arrest and continued detention violate 8 U.S.C. § 1226(a). (Pet ¶¶ 64-69.) The Court agrees with him as to that claim and thus declines to address the remaining claims presented by the Petition.

Petitioner was taken into custody without a warrant and was not provided with an immediate custody determination—in other words, he was treated as an individual who was detained subject to § 1225(a). At the time Petitioner was detained, a judge of this Court had already declared unlawful DHS's policy of detaining individuals in Petitioner's position. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1116, 1127 (C.D. Cal. 2025). Nonetheless, months after Judge Sykes issued her order, the Government continued to arrest and detain *Maldonado Bautista* class members under the putative authority of Section 1225(b) and then would readily concede the availability of a bond hearing under Section 1226(a) once the individual filed a habeas petition challenging their continued detention.

Recently, the Ninth Circuit weighed in and confirmed that, indeed, *Maldonado Bautista* class members were not properly detained under § 1225. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164-65 (9th Cir. 2026). In the period between *Maldonado Bautista* and *Rodriguez Vazquez*, hundreds, if not thousands of individuals were held without process that was owed to them. Petitioner was one such person.

Following the decisions of courts across the Ninth Circuit that have considered this issue, the Court concludes that Petitioner is entitled to release due to the Government's violation of his statutory and constitutional rights.

## A. Lawfulness of Petitioner's Detention

Section 1226(a) "sets out the general rule" for the arrest, detention, and release of noncitizens present in the country who are believed to be subject to removal. *Nielsen v. Preap*, 586 U.S. 392, 396 (2019). Under Section 1226(a) and its implementing regulations, a DHS officer may arrest and take into custody a noncitizen "under the authority of Form I-200, Warrant of Arrest" issued by certain designated supervisory officers. 8 C.F.R. § 236.1(b). The Government "may" detain such individuals "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). DHS officers conduct an initial custody determination. 8 C.F.R. § 1236.1(c)(8). Unless the person is subject to mandatory detention based on their criminal history, 8 U.S.C. § 1226(c), DHS has "the discretion either to detain the [noncitizen] or to release him on bond or parole." *Nielsen*, 586 U.S. at 396. The DHS officer may release the noncitizen if they "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8).

After the initial custody determination, the noncitizen may request that an IJ *review* the DHS officer's determination at a bond hearing in immigration court. *See* 8 C.F.R. § 1236.1(d)(1) (permitting a noncitizen to request amelioration of the condition of release in front of an immigration judge "*after an initial custody determination*") (emphasis added), 8 C.F.R. § 1003.19 ("Custody and bond determinations made by the service pursuant to 8 CFR part 1236 may be reviewed by an Immigration Judge pursuant to 8 CFR part 1236."). "If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). The noncitizen can "appeal an adverse decision to the BIA." *Id.* (citing 8 C.F.R. § 236.1(d)(3)). Alternatively, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." *Id.* (citing C.F.R. § 1003.19(e)). "The same procedures apply to this new hearing, and its outcome is also appealable to the BIA." *Id.* The noncitizen may also seek judicial review of the bond determination through a habeas petition challenging the determination as constitutionally deficient, legally erroneous, or an abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).

Reviewing this statutory and regulatory framework, the Ninth Circuit has observed that "Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to

appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz*, 53 F.4th at 1202.

Petitioner received none of that process, because Respondents treated him as an individual detained under § 1225. He alleges—and Respondents do not contest—that he was arrested without a warrant. (Pet ¶¶ 12-13.) When he was taken into custody, there was no initial finding that he was a flight risk or a danger—no initial determination, and no redetermination by an IJ at the outset of the proceeding. For utter lack of compliance with § 1226(a), Petitioner's detention was unlawful. *Aguilar-Garcia v. Noem*, No. 1:26-cv-01395-DC-DMC-HC, 2026 WL 1895472, at *1 (E.D. Cal. July 1, 2026), report and recommendation adopted, No. 1:26-cv-01395-DC-DMC (HC), 2026 WL 2138088 (E.D. Cal. July 24, 2026) (absent a pre-deprivation bond hearing pursuant to § 1226 (a), detention violated the INA).; *Nunez-Santillan v. Warden Desert View Facility*, No. 5:26-cv-01171-AB-PD, 2026 WL 795475, at *1 (C.D. Cal. Mar. 19, 2026) (a "continued detention pursuant to § 1225(b) and without the bond hearing to which § 1226(a) entitles [petitioner] constitutes a violation of federal law").

Because it's important to the discussion of the appropriate remedy, the Court notes that this is not just a statutory violation, but a violation with constitutional dimensions. *Garcia-Maya v. Mattos*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) ("[T]his Court finds that Petitioner is entitled to the procedural protections provided by § 1226(a), not merely by statute and regulation, but also by the Due Process Clause"); *Bautista*, 813 F. Supp. 3d at 1094 (discussing "the due process protections found within § 1226(a)"). *See also Bautista v. Santacruz*, 820 F. Supp. 3d 1016, 1033 (C.D. Cal. 2026) (finding that the Government's noncompliance with court orders requiring it provide 1226(a) bond hearings has led to "detention without due process" and "deprive[d] members of the

Bond Eligible Class of their liberty, economic stability, and fundamental dignity").

The Supreme Court has long recognized that due process requires that immigration detention bear a "'reasonable relation'" to a non-punitive purpose. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). There are two permissible non-punitive purposes for detention under the immigration laws: ensuring a noncitizen's appearance at removal proceedings or removal and preventing danger to the community. *Id.* at 690-92. Section 1226(a) and its implementing regulations establish procedures to ensure that the Government only detains noncitizens where it advances these purposes. By denying Petitioner the protections of § 1226(a), Respondents created an unacceptably high risk that Petitioner's detention is not justified on danger or flight risk grounds, and that Petitioner was detained based solely on DHS's mistake with respect to the law that governed his detention.

## B. Remedy

The question, then, is the proper remedy to be afforded. Because Petitioner's detention has been unlawful from the outset, the Court concludes that the "most appropriate remedy for this violation would be to return Petitioner to the previous status quo by releasing him from detention." *Reyes v. Santacruz, Jr.*, No. ED CV 26-3394-E, 2026 WL 2069974, at *2 (C.D. Cal. July 13, 2026) (underlining omitted). The Ninth Circuit has recognized that "the purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up). *See also United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) (recognizing that the "[t]he appropriate remedy for a constitutional violation is one that as much

as possible restores" a litigant "to the circumstances that would have existed had there been no constitutional error") (cleaned up). This principle has particular force where, as here, the protections at issue are intended to prevent an unlawful detention in the first place. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (observing "the general rule that remedies should be tailored to the injury suffered").

In so holding, the Court joins the growing number of courts in the Ninth Circuit who have found that the Government's noncompliance with *Bautista* and similar rulings warrants release. *See, e.g., Reyes*, 2026 WL 2069974, at *2; *Garcia-Maya*, 2026 WL 1965886, at *2; *Rodas-Dieguez v. Noem*, No. 3:26-cv-00976-RBM-MMP, 2026 WL 549910, at *1 (S.D. Cal. Feb. 26, 2026); *Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026). *See also Moctezuma v. Henkey*, No. 1:25-cv-00741-BLW, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (observing that "[i]n recent months, courts across the country have ordered the release of detainees in similar situations" and collecting cases).

As these courts have found, release is an appropriate remedy given the nature of the violations at issue. "Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under" Section 1225(b). *Rodriguez Diaz*, 53 F.4th at 1202. As discussed above, these protections include: (1) the requirement that DHS generally obtain a warrant, issued following supervisory review, to arrest a noncitizen; (2) an initial custody determination by a DHS officer shortly after the noncitizen's arrest; (3) if the noncitizen is not released at the initial custody determination, the right to seek review before an IJ at a bond hearing; (4) the right to appeal an adverse IJ bond ruling to the BIA and to seek federal court review in habeas; and (5) the right to seek a new bond hearing before an IJ based on changed circumstances. Section 1226(a) and its implementing regulations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04787-BFM **Date:** September 8, 2026

**Title:** *Efrain Juarez Evangelista v. Fereti Semaia, et al.*

==============================================================

therefore provide "several layers of review" to protect against erroneous deprivations of liberty. *Rodriguez Diaz*, 53 F.4th at 1202.

But because the Government arrested Petitioner under the incorrect authority, Petitioner received none of these protections. It follows that "Petitioner's detention 'was unlawful from its inception because ICE detained him under the wrong statute and without affording him any notice or process whatsoever, much less the procedures due under Section 1226(a).'" *Garcia-Maya*, 2026 WL 1965886, at *8 (quoting *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 319-20 (E.D.N.Y. 2025)). "In the absence of an initial custody determination, which establishes a lawful basis for detention in the first instance, a subsequent bond hearing 'is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip' Petitioner of his freedom." *Id.* (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025)).

To the extent Respondents believed the *Rodriguez* hearing rendered such errors harmless, it could have developed that argument. Instead, it limited its Answer to rebutting arguments Petitioner did not make, and indeed, explicitly disclaimed. (*Compare* Answer at 2-4 (arguing that bond hearing claims are jurisdictionally channeled into the administrative process and that exhaustion of bond hearing claims is required); Pet. ¶ 6 ("Petitioner does not ask this Court to review the Immigration Judge's July 14, 2026 bond determination, to reweigh evidence of flight risk, or to substitute its judgment for the BIA. Any challenge to the merits of that custody determination belong in the administrative appellate process.").) Respondents have thus forfeited any harmlessness arguments they could have made. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the

arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned.").

## III. Conclusion

Accordingly, the Petition (ECF 1) is granted. Petitioner Efrain Juarez Evangelista (A# 246-060-643) is **ordered immediately released on reasonable conditions**.

The Petition raises claims other the one challenging whether his detention was appropriate under § 1226(a). Respondent did not respond to those claims. Their failure to do so would have provided an alternative basis for this decision. *Martinez*, 873 F.3d at 660 That is, where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up). In light of the relief granted on the § 1226(a) claim, however, the Court will deem those other claims moot.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody and shall report any delay in Petitioner's release. Upon receipt of such confirmation, judgment will issue and the Court will close the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04787-BFM **Date:** September 8, 2026

**Title:** *Efrain Juarez Evangelista v. Fereti Semaia, et al.*

==================================================================

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

IT IS SO ORDERED

cc: Counsel of Record

Initials of Preparer: ch